**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DENNIS PAGE,                                               :

                              Plaintiff,

    -vs-

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant.                    :

Case No. 3:07-cv-098

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

**REPORT AND RECOMMENDATIONS REGARDING APPEAL**

This case is before the Court on remand from the United States Court of Appeals for the Sixth Circuit with instructions to treat Plaintiff's May 6, 2008 Notice of Appeal (Doc. No. 17) "as a Fed. R. App. P. 4(a)(5) motion for an extension of time, and for a ruling on that motion." (*Page v. Commr.*, Case No. 08-3562, Order of August 5, 2008). The Commissioner has filed a Brief opposing the motion (Doc. No. 20).

As a post-judgment motion, it is deemed referred to the undersigned under the General Order of Assignment and Reference for a report and recommendations under 28 U.S.C. § 636(b)(3).

The referenced document to be treated as a motion reads:

                              5/05/2008

    Dear Sirs,

        I'm appealing the decesion [sic] made on my husband's SSD claim #— – 8677 [partial redaction per Judicial Conference privacy policy]. I have no lawyer. I'm trying to get one. My lawyer dropped the case. Would you please help me get a continuation on the last

> date to appeal. Also help me get the fee waived. Thank you for any help you can give us. Thank you. Debra Page.

(Doc. No. 17). This document was received and filed by the Clerk on May 6, 2008 (see "received" and "filed" stamps on Doc. No. 17).

The Court of Appeals Remand Order states that the instant Motion was filed one day late. This Court's judgment was entered March 4, 2008. Under Fed. R. App. P. 4(a)(1)(B), a notice of appeal must be filed within sixty days from judgment when the United States is a party. Calculating the time under Fed. R. App. P. 26, the sixtieth day was May 3, 2008, not May 5th as the Court of Appeals calculated it. Therefore, the Motion/Notice was three days late, not one. The Court infers that it was not mailed before the date it bears, May 5, 2008, so even the request for additional time was two days late and sent by mail, not brought to the Court in person.

The instant Motion was signed not by Plaintiff, but by his spouse, but the Sixth Circuit has presumably excused this technical difficulty by allowing the Plaintiff to satisfy Fed. R. Civ. P. 11 by signing late. Indeed, Rule 11 on its face permits making that correction.

Fed. R. App. P. 4(a)(5) allows a district court to extend the time for filing a notice of appeal if the appealing party files a motion to that effect within thirty days after the prescribed time for appealing expires and the party shows excusable neglect or good cause.

This Court's usual reflex impulse would be to grant such a motion to file three days late. The standard for review of such an order is abuse of discretion, *Beil v. Lakewood Engineering,* 15 F.3d 546, 551 (6th Cir. 1994), and this Court is inclined to exercise its discretion to be lenient to *pro se* litigants, particularly those who have had counsel but have lost it and are trying to obtain new counsel.

However, the Sixth Circuit had held that an extension of time under Rule 4(a)(5) is to be

granted "only in unique or extraordinary circumstances" and that the excusable neglect standard is strict. *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989); *Barnes v. Cavazos,* 966 F.2d 1056, 1061 (6th Cir. 1992). For example, in *Deym v. Von Fragstein*, 127 F.3d 1102 (Table), 1997 WL 650933 (6th Cir. 1997)[1], a divided panel of the Court of Appeals found that the undersigned had abused his discretion in excusing a five-day delay in filing a notice of appeal. This Court found that the delay was (1) not prejudicial to the appellee, (2) minimal, with virtually no impact on judicial proceedings, and (3) caused by extreme circumstances in the offices of appellant's counsel. The Court of Appeals found that was an insufficient showing of excusable neglect and dismissed the appeal for lack of jurisdiction.

In this case, Plaintiff offered no showing of excusable neglect at the time his wife filed the Motion. That is, he/she did not suggest they had been misled by their attorney into believing he would file an appeal or that they did not receive timely notice of the Court's decision and judgment. They do not claim to have been ignorant of the time when an appeal was due, and in any event that would not be excusable neglect. *Deym, supra*, citing *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 113 S. Ct. 1489, 1496, 123 L. Ed. 2d 74 (1993); see also *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004). The Remand Order also notes that Plaintiff did not offer any excuse to the Court

---

[1]The Magistrate Judge is, of course, aware of that unpublished opinions are not binding precedent. Nevertheless, a prior unpublished Sixth Circuit opinion can "establish the law" governing a particular subject, *PBGC v. Alloytek*, 924 F.2d 620 (6th Cir. 1991), and it is, or at least should be, the rare trial court judge who ignores the lessons to be learned from a prior holding that he or she has abused his or her discretion. An abuse of discretion occurs when "the district court's decision is clearly unreasonable, arbitrary, or fanciful. *Badalementi v. Dunham's, Inc.*, 896 F.2d 1359, 1362 (Fed. Cir. 1990)(applying Sixth Circuit law); *Beil v. Lakewood Engineering,* 15 F.3d 546 (6th Cir. 1994); *Southward v. South Central Ready Mix Supply Corp.*, 7 F.3d 487, 492 (6th Cir. 1993). Thus a trial judge who is found to have abused his discretion rightly feels thoroughly reversed.

of Appeals for being late, even though ordered to do so.  To the extent Plaintiff wanted additional time to obtain an attorney, he has now had an additional ninety days to obtain one and has apparently not done so.

Plaintiff has not shown excusable neglect for filing late.  In the absence of such a showing, it would be an abuse of discretion to grant the extension of time.  Therefore it should be denied.

August 21, 2008.

> s/ **Michael R. Merz**
> Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).